# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

NELSON BOBADILLA and SANDRA GUTIERREZ,

        Plaintiffs,

vs.         Case No. 6:12-cv-946-Orl-37DAB

AURORA LOAN SERVICES; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; FEDERAL NATIONAL MORTGAGE ASSOCIATION; FIRST MAGNUS FINANCIAL CORPORATION; and DOES 1 THROUGH 10,

        Defendants.

## ORDER

This cause is before the Court on Plaintiffs' "Motion to Set Aside Dismissal Pursuant to Rule 60(b) Fed. R. Civ. Procedure" (Doc. 46), filed December 3, 2012. Upon consideration, the Court finds that Plaintiffs' Motion is due to be denied.

## BACKGROUND

On June 22, 2012, Plaintiffs commenced this suit by filing a shotgun complaint, which the Court struck and gave Plaintiffs leave to amend. (Doc. 2.) On the day the amended complaint was due, Plaintiffs asked for an extension, which the Court granted. (Docs. 3, 5.) A day after the new deadline had passed, Plaintiffs asked the Court for leave to file the amended complaint late, which the Court also granted. (Docs. 9, 11.)

On August 30, 2012, Defendants filed a motion to dismiss Plaintiffs' amended complaint. (Doc. 23.) Defendants contended that Plaintiffs were barred by *res judicata*

from bringing the instant suit because the same claim had previously been adjudicated in Case No. 6:11-cv-666[1] before Judge John Antoon, dismissed with prejudice, and affirmed by the U.S. Court of Appeals for the Eleventh Circuit. (*Id.* at 2.)

Because the Eleventh Circuit has held that a court must convert a motion to dismiss into a motion for summary judgment in order to reach a *res judicata* argument, *see Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982), this Court did so. (Doc. 29.) The Court notified Plaintiffs that it would decide the disposition of the matter on the basis of the briefings and gave Plaintiffs leave to oppose, in accordance with *Milburn v. United States*, 734 F.2d 762 (11th Cir. 1984). (Doc. 29, p. 2.)

In the meantime, nearly four months had passed since the beginning of the litigation, and Plaintiffs had not yet filed a joint Case Management Report. Therefore, on October 12, 2012, the Court ordered Plaintiffs to show cause why the case should not be dismissed for failure to file a joint report, as required by Local Rule 3.05 and the Court's Order (Doc. 6), dated July 19, 2012. (Doc. 28.)

Plaintiffs responded that "Plaintiff[s] had been waiting for [D]efendants to respond to the complaint . . . . One reason plaintiffs has [sic] not filed the report is because we were unaware that defendants had filed motions for summary judgment, and was further was [sic] never contacted to complete the report." (Doc. 30, p. 2.) Plaintiffs asserted that "Defendants has [sic] not been cooperative with Plaintiff in order to have the Rule 26(f) meeting" (*id.* at 4) and "regarding the Rule 26(f) Joint Management Report" (*id.* at 2). Plaintiffs also stated that they "filed their answers relative to the Joint Management Report." (*Id.* at 2.)

---

[1] Indeed, Defendants assert that Plaintiffs had filed the same claim in state court, as well, in Case No. 2011-CA-10265—which was also dismissed. (Doc. 23, p. 2.)

2

However, Plaintiffs had not at that time—and still have not—filed any report, even unilaterally.[2] Defendants aver that Plaintiffs were served with the motion to dismiss. (*See* Affidavit of Elizabeth Chaves, Doc. 40, p. 4.) Defendants also assert that they have not received any communications from Plaintiffs requesting a Rule 26(f) conference or otherwise discussing the Case Management Report. (*Id.* at 5; *see also* Affidavit of Jessica K. Hew, Doc. 40, p. 11.)

The Court notified Plaintiffs that their response to the show cause order did not demonstrate good cause for failure to file the report. (Doc. 42.) The Court acknowledged that it would grant Plaintiffs a "certain amount of latitude" because they are appearing *pro se*, but the Court also reminded Plaintiffs that they are nonetheless subject to the same rules of court as all other litigants. (*Id.*) Recognizing some confusion, the Court attempted to dispel Plaintiffs' misunderstandings by noting that none of the pending motions or other filings in the case, including the converted motion for summary judgment, "discharge[d] the Plaintiffs' responsibility to confer with Defendants and file a joint Case Management Report." (Doc. 42, p. 2 n.1.) Despite the fact that there is no unilateral filing by Plaintiffs on the record, the Court also warned Plaintiffs that "[u]nilateral reports are not permitted." (*Id.* at 1.) Out of an abundance of caution, the Court granted Plaintiffs leave to file the report by November 6, 2012. (*Id.*)

In the interim, Plaintiffs filed motions for default judgment against Defendants, apparently based on the same mistaken belief that because Defendants filed a dispositive motion rather than an answer, Defendants had defaulted and relieved Plaintiffs of their obligations. (Docs. 32, 33, 34.) The Magistrate Judge disabused

---

[2] Plaintiffs' Response has a section entitled, "Plaintiff Answers to Joint Case Management Report," but that section does not contain any information about the report. (Doc. 30, p. 3.)

Plaintiffs of that notion, however, by denying the motions and stating, "[T]here is no basis for entry of a default here as the defendants have timely appeared." (Doc. 39.)

By November 15, 2012, nearly five months after the commencement of this suit and after two orders directing them to do so, Plaintiffs still had not filed the required report. Thus, the Court dismissed the case for failure to comply with the Court's orders.[3] (Doc. 45.)

On December 3, 2012, Plaintiffs filed the instant Motion asking the Court to set aside its dismissal pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 46.) Plaintiffs' Motion sets forth the very same grounds as stated in their original response for their failure to comply—grounds that the Court has already found do not constitute good cause.

**STANDARDS**

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment is satisfied or discharged; or (6) any other reason justifying relief.

**DISCUSSION**

Plaintiffs ask the Court to set aside its dismissal due to their "excusable neglect" and the alleged misconduct of Defendants in filing dispositive motions in the case. (Doc. 46, p. 4.) Plaintiffs state that they have "complied with all of the prior orders of this court." (*Id.* at 3.) This is not the case.

---

[3] Because the case was disposed of on Plaintiffs' failure to follow the Court's orders, the Court took no action on the pending converted motion for summary judgment.

4

Plaintiffs aver that their failure to file a joint Case Management Report after multiple warnings is due to Defendants' "non-cooperation" by (1) failing to respond to Plaintiffs' "answer to the joint report" and (2) failing to answer Defendants' amended complaint. (Doc. 46, p. 4.) Neither of these allegations demonstrate good cause which would have prevented dismissal; indeed, Plaintiffs made these same arguments in response to the Court's initial order to show cause, and the Court has already informed Plaintiffs that these contentions are not well-taken.

First, there is no indication in the record that Plaintiffs ever "answer[ed] . . . the joint report," as they put it. No docket entry shows a unilateral case management report filing. Defendants aver that they never received communications from Plaintiffs about the report. (Doc. 40, pp. 4, 11.) Plaintiffs' original response states that they were waiting for Defendants to contact them. (Doc. 30, p. 2.) Even though the Court's order (Doc. 42) made it clear that the onus was on Plaintiffs to contact and meet with Defendants in order to agree on the report, Plaintiffs' instant motion does not state that they have made any effort to reach out to Defendants; instead, Plaintiffs fall back on their original argument that "Defendants have never contacted plaintiffs." (Doc. 46, p. 4.) This is unacceptable.

Plaintiffs' second argument, that Defendants have shown bad faith by "fil[ing] improper motions for summary judgment, without even responding to the amended complaints [sic]," is also unavailing. The record demonstrates that Plaintiffs received adequate notice of Defendants' motion to dismiss and the Court's order converting that motion into one for summary judgment. (*See, e.g.*, Doc. 40.) The Court notified Plaintiffs that their responsibility to file the Case Management Report was unchanged by Defendants' motion. (Doc. 42.) Even the Magistrate Judge's order denying Plaintiffs'

5

motions for default judgment made it clear that Defendants' choice to file a dispositive motion rather than an answer was not improper. (Doc. 39.) Consequently, Plaintiffs' claim that they (mistakenly) believed that Defendants had to file an answer before Plaintiffs were required to file a joint report is either disingenuous or unreasonable.

The Court finds that Plaintiffs have not demonstrated excusable neglect, nor have they put forth any other valid reason to set aside the judgment. Indeed, Plaintiffs have been given many chances to litigate their dispute—a dispute that Defendant contends has already been adjudicated—but despite the Court's multiple warnings and cautions, they have not adhered to the rules. Rather, the record is rife with examples of Plaintiffs' failure to meet deadlines and failure to comply with the Court's orders. Thus, Plaintiffs' Motion is due to be denied.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motion to Set Aside Dismissal Pursuant to Rule 60(b) Fed. R. Civ. Procedure (Doc. 46) is **DENIED**.

2. This case shall remain closed.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 5, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

*Pro Se* Parties